O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SHANNON E. SANTANA, | ) | Case No. CV 11-7340-MLG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Shannon Santana seeks judicial review of the Social Security Commissioner's denial of her application for disability insurance benefits ("DIB") and Social Security Disability Insurance ("SSDI") benefits. For the reasons set forth below, the decision of the Social Security Commissioner is reversed, and the matter is remanded for further proceedings consistent with this opinion.

**I.   Facts and Procedural Background**

Plaintiff was born on October 16, 1969. (Administrative Record ("AR") at 108.) She completed high school and has work experience as a customer service representative, wardrobe assistant and telephone solicitor. (AR at 25, 142.) Plaintiff filed her

1

applications for benefits on November 21, 2008, alleging disability beginning May 4, 2004, due to multiple sclerosis and affective mood disorders. (AR at 69, 108, 111.) Her application was denied initially on April 8, 2009. (AR at 70-75.) An administrative hearing was held on April 19, 2010, before Administrative Law Judge ("ALJ") Michael J. Kopicki. Plaintiff, represented by counsel, testified as did a vocational expert ("VE"). (AR at 33-67.) ALJ Kopicki issued an unfavorable decision on June 21, 2010. (AR 17-27.) The ALJ found that Plaintiff suffered from the following severe impairments: multiple sclerosis, by history; history of right tibia and fibula fractures with residual osteoarthritis; and a mood disorder. (AR at 19.) However, he found that these impairments did not meet the requirements of a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR at 20.)

The ALJ further found that Plaintiff retained the residual functional capacity ("RFC") "to perform medium work as defined in 20 C.F.R. 404.1567(c) and 416.967(c) (lift and/or carry 50 pounds occasionally, 25 pounds frequently, stand and/or walk about six hours in an eight hour workday and sit about six hours in an eight hour workday) except that she must avoid moderate exposure to extreme temperatures and to hazards, such as moving machinery and unprotected heights, and she is limited to simple, routine tasks." (AR at 22.) The ALJ concluded that, although Plaintiff could not perform any past relevant work, there were jobs in the national economy which Plaintiff could perform, and therefore Plaintiff was not disabled. (AR at 26.)

The Appeals Council denied review on July 7, 2011 (AR at 1-4), and Plaintiff commenced this action for judicial review. On March

21, 2012, the parties filed a Joint Stipulation ("Joint Stip.") of disputed facts and issues, including the following claims of error: (1) the ALJ failed to properly consider the opinions of the treating, examining and non-examining physicians; and (2) the ALJ erred in evaluating Plaintiff's credibility and subjective testimony. (Joint Stip. at 3.) Plaintiff asks the Court to reverse and order an award of benefits, or in the alternative, remand for further administrative proceedings. (Joint Stip. at 14-15.) The Commissioner requests that the ALJ's decision be affirmed. (Joint Stip. at 15.)

After reviewing the parties' respective contentions and the record as a whole, the Court finds Plaintiff's contention regarding the ALJ's failure to make a proper credibility determination to be meritorious and remands this matter for further proceedings consistent with this opinion.

**II. Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's decision must be upheld unless the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means more than a scintilla, but less than a preponderance; it is evidence that a reasonable person might accept as adequate to support a conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether

substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882. Finally, the Court may not reverse an ALJ's decision based on an error that is harmless. *Molina v. Astrue*, --- F.3d ----, 2012 WL 1071637 at *4 (9th Cir., Apr. 2, 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin*, 454 F.3d 1050, 1055-56 (9th Cir. 2006)).

**III. Discussion**

**A.   The ALJ Improperly Discredited Plaintiff's Subjective Symptom Testimony**[1]

Plaintiff contends that the ALJ failed to provide clear and convincing reasons for discrediting her subjective symptom testimony. (Joint Stip. at 9.) Plaintiff testified at the administrative hearing to the following symptoms and functional limitations: she has difficulty organizing and making decisions; she suffers from anxiety; she has body weakness and cannot stand for more than 45 minutes; she has hand cramping, double vision and dizziness; her left hand frequently becomes numb; and she has left foot drop that causes her to frequently stumble and fall. (AR at

---

[1] Because the Court finds that the credibility determination was erroneously made, the claim regarding the alleged mis-evaluation of the medical evidence will not be addressed.

4

38-47.)

To determine whether a claimant's testimony about subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (citing *Lingenfelter* 504 F.3d at 1035-36). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the alleged pain or other symptoms. *Lingenfelter*, 504 F.3d at 1036. "[O]nce the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). To the extent that an individual's claims of functional limitations and restrictions due to alleged pain is reasonably consistent with the objective medical evidence and other evidence in the case, the claimant's allegations will be credited. SSR 96-7p, 1996 WL 374186 at *2 (explaining 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4)).[2]

Unless there is affirmative evidence showing that the claimant is malingering, the ALJ must provide specific, clear and convincing reasons for discrediting a claimant's complaints. *Robbins*, 466 F.3d at 883. "General findings are insufficient; rather, the ALJ must

---

[2] "The Secretary issues Social Security Rulings to clarify the Secretary's regulations and policy .... Although SSRs are not published in the federal register and do not have the force of law, [the Ninth Circuit] nevertheless give[s] deference to the Secretary's interpretation of its regulations." *Bunnell*, 947 F.2d at 346 n.3.

5

identify what testimony is not credible and what evidence undermines the claimant's complaints." *Reddick*, 157 F.3d at 722 (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996)). The ALJ must consider a claimant's work record, observations of medical providers and third parties with knowledge of the claimant's limitations, aggravating factors, functional restrictions caused by symptoms, effects of medication, and the claimant's daily activities. *Smolen v. Chater*, 80 F.3d 1273, 1283-84 & n.8 (9th Cir. 1996). The ALJ may also consider an unexplained failure to seek treatment or follow a prescribed course of treatment and employ other ordinary techniques of credibility evaluation. *Id.* (citations omitted).

Here, the ALJ concluded that Plaintiff's medically determinable impairments "could reasonably be expected to cause some of the alleged symptoms." (AR at 23.) However, the ALJ rejected Plaintiff's description of her symptoms "to the extent they [were] inconsistent" with the ALJ's assessment that Plaintiff retained the RFC to perform medium work with certain limitations. (Id.) Because there was no evidence of malingering, the ALJ was therefore required to provide specific, clear and convincing reasons for rejecting Plaintiff's subjective allegations of pain and functional limitations.

The ALJ gave two reasons for rejecting Plaintiff's testimony, neither of which are specific, clear and convincing. First, the ALJ found that Plaintiff was not fully credible because she performed some work-related activity in 2008, after the alleged onset date of May 4, 2004. (AR at 23.) The ALJ noted that Plaintiff had reported losing a job in January 2008 and also reported that she felt her

6

multiple sclerosis was stable and was looking for employment in March 2008. (Id.)

In the context of determining eligibility for benefits, the Commissioner is required to assess whether a claimant has the ability to work on a *sustained* basis. 20 C.F.R. § 404.1512(a); *Reddick v. Chater*, 157 F.3d 715, 724 (9th Cir. 1998). Here, the ALJ determined that, although Plaintiff had earnings since her alleged onset date, the amounts earned were well below the amount considered to be substantial gainful activity. (AR at 19.)

Plaintiff testified that she worked for short periods of time at various jobs during the relevant disability period but that she generally either quit or was fired because she was unable to perform the employment requirements due to her impairment. (AR at 37-38.) As the Ninth Circuit has noted, "[O]ccasional symptom-free periods - and even the sporadic ability to work - are not inconsistent with disability." *Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1995). In the same vein, an unsuccessful attempt to work during a remission in symptoms is not an adequate basis for discrediting a claimant's testimony, particularly when the records show the existence of a medically determinable impairment that could cause the disabling symptoms. Therefore, the ALJ's reliance on Plaintiff's unsuccessful work attempt was not a clear and convincing reason for discounting Plaintiff's credibility.

The other reason offered by the ALJ for discrediting Plaintiff's testimony is equally insufficient. The ALJ stated, "At one point she attempted to receive special authorization from her doctor stating she was unable to take the regular bus but rather needed to get picked up by sedan. Her treating physician did not

see a clear reason why such an accommodation was required." (AR at 23, citing AR at 261.) It is entirely unclear how her request to ride in a sedan, rather than a bus, has any bearing on Plaintiff's credibility regarding her subjective symptoms. Moreover, Plaintiff's physician did not reject Plaintiff's request for the accommodation, but merely requested that Plaintiff provide more information as to why it was necessary. (AR at 261.)

In support of the argument that the ALJ properly addressed Plaintiff's subjective complaints, the Commissioner contends that Plaintiff's activities of daily living were not consistent with her subjective pain complaints. (Joint Stip. at 12.) Although the ALJ did note that Plaintiff is able to perform certain activities, such as knitting, light housecleaning, and some grocery shopping, the ALJ did not specifically cite Plaintiff's activities of daily living as a reason for rejecting Plaintiff's subjective complaints. (AR at 23.) Nor did he cite the medical record as a basis for the credibility determination. Even if these were valid reasons for discounting Plaintiff's credibility, it would be error for this Court to affirm the ALJ's decision based upon reasons that the ALJ did not provide. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

In sum, the reasons given by the ALJ for rejecting Plaintiff's testimony were not supported by substantial evidence in the record and were therefore insufficient to reject her testimony regarding her symptoms and related limitations.

//

//

//

## IV. Conclusion

The decision whether to remand for further proceedings is within this Court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id*. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."); *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003); *see also Connett*, 340 F.3d at 876 (remanding case for reconsideration of credibility determination).

Here, the ALJ's credibility determination was not legally sufficient nor supported by substantial evidence. Accordingly, the case is remanded for further proceedings consistent with this opinion and order.

Dated: April 4, 2012

_____
Marc L. Goldman
United States Magistrate Judge